## LUTHER BARNS *vs.* REUBEN HATCH, *et a.*

Where *A.* signed and sealed an instrument, which purported to convey to *B.* a tract of land, and sent the same to the office of the register of deeds to be recorded, declaring that he made the instrument to prevent the land from being taken to pay an unjust debt. but *B.* had no knowledge of the instrument until after the death of *A.*, it was held, that this did not amount to a delivery of the instrument, and that it could not be considered as the deed of *A.*

In a writ of entry brought by *B.* against *A's* administrator. where *B.* claimed the land under an instrument purporting to be the deed of *A*, and one of the subscribing witnesses was dead, and the other a creditor of *A's* estate, which was insolvent,—held, that the creditor had no interest in the event of the suit, and that *B.* was bound to call him to prove the deed, although the interest of the creditor in the question might incline him to testify against the demandant.

THIS was a writ of entry. The demandant alleged, that one *Joseph C. Barns,* being seized in fee of the demanded prem-

ises, on the 14th August, 1816, conveyed the same to the demandant, in fee and in mortgage, to secure the payment of $2045.

The tenants pleaded, that the said instrument, under which the demandant claimed to hold the land, was not the deed of the said *J. C. Barns* ; and upon this, issue was joined.

The cause was tried here at April term, 1825, when it appeared, that the said *Joseph C. Barns* died in March 1817 ; that one of the tenants was administrator of his estate, which was insolvent ; that one of the subscribing witnesses to said instrument was dead, and the other a creditor of *Joseph C. Barns's* estate ; whereupon the demandant proposed to call witnesses to prove the hand writing of the said grantor and of the subscribing witnesses to the instrument, on the ground that the subscribing witness, who had survived, was interested in the cause ; but the court, being of opinion, that the interest of the creditors of *J. C. Barns's* estate could not be affected by the event of this suit, ruled, that the subscribing witness must be called. And being called, he testified, that he saw the intestate sign the instrument ; that *Luther Barns* was not present ; that the intestate delivered to him the instrument to carry to the office of the register of deeds, directing him to keep the transaction secret and declaring, that he made the instrument to prevent the land being taken to pay an unjust debt. It appeared in evidence, that said instrument did not come to the hands of the demandant ; and it did not appear, that he had any knowledge of its existence, until after the death of the said *J. C. Barns*.

The demandant then produced a paper purporting to be a promissory note of $2045 signed by *J. C. Barns,* and bearing date the 14th August, 1816, and there being no subscribing witness, he called witnesses to prove the hand writing of the supposed signer ; and it was submitted to the jury to say, whether the said paper was a true note, or a forgery ; and the jury found it to be a forgery.

Whereupon the court directed a verdict to be taken for the tenants, subject to the opinion of the court upon the foregoing case.

*H. Chase* and *R. Fletcher* for the demandant.

*D. Steele* and *Woodbury* for the tenants.

RICHARDSON, C. J. It is objected in this case, that the demandant ought not to have been compelled to call the subscribing witness to the deed, under which he claimed, because that witness being interested in the estate of *Joseph C. Barns*, his interest inclined him to testify against the demandant. But we are of opinion, that this objection must be overruled. The creditors of *Joseph C. Barns* may have an interest in the question whether the instrument, under which the demandant claims to hold the land, be the deed of *Joseph C. Barns ;* but it does not appear, that they have any interest in the event of this suit. One of the tenants is the administrator of the estate of *Joseph C. Barns ;* but that could not have made him a good tenant to the precipe, in this case ; and for ought that appears, the other tenant is a total stranger to the title of *Joseph C. Barns.* If the demandant prevail in this suit, the administrator may sell the land, notwithstanding the recovery ; and if the demandant fail, he can do no more. The interest then of the creditors is an interest in the question, and not in the cause.

But it may be supposed, that the creditors have an interest in defeating this suit, because the estate of the intestate may be affected by the costs, which the demandant may recover. But the costs of this suit can in no event be a charge upon that estate. The administrator might have abated the demandant's suit by a plea of non tenure ; and ought not to have taken upon himself the tenantcy. But he has chosen to litigate a cause, which can settle nothing, and must therefore litigate it at his own expense. The estate has no interest in this suit, and cannot be charged with the expenses of it.

The next question is, whether the facts stated in this case show a delivery of the instrument, on which the demandant rests his claim of title ?

It is not now to be questioned, that a delivery is essential to the existence of the deed. It is not necessary, that the deed be delivered by the grantor into the hands of the grantee ; it may be delivered to a third person for the use of the grantee ; it may be delivered absolutely or conditionally ;

but there must be a delivery. *Coke Litt.* 36, *a. note* 223.— *Perkins, sec.* 137, 138, 142.—3 *Coke* 35, 36.—2 *Mass. Rep.* 447, *Wheelwright vs. Wheelwright.*—9 *Mass. Rep.* 307, *Hatch vs. Hatch.*—13 *Johnson* 285, *Ruggles vs. Lawson.*—*Shepherd's Touchstone,* 57.

It has been decided, both in Massachusetts and in New-York, that the sending of a deed to be recorded does not amount to a delivery. 12 *Johnson* 418, *Eames vs. Phipps.*—10 *Mass. Rep.* 456, *Maynard vs. Maynard.*

And we are of opinion, that the sending of the instrument in this case to be recorded, coupled with the declaration, that it was made to prevent the land from being taken to pay an unjust debt, does not amount to a delivery. There was nothing said or done, in this case, which shows a delivery.—It therefore becomes unnecessary to examine any other question, which the case may present.

*Judgment for the tenants.*